■ In the Matter of the Claim of VINCENT MUTARELLI, Respondent, v JERRY'S 55TH STREET RESTAURANT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed July 18, 1975 and September 12, 1977. The board found "Based on all the evidence, the Board Panel finds in Case No. 07339575 that there was an advanced payment of compensation and that the Referee findings of accident, notice and causal relationship to a myocardial infarction were based on the evidence and were proper. In Case No. 07339576, the Board Panel finds that the carrier's request for review is premature since the award was made subject to possible apportionment and the record will be further developed on this issue." There is substantial evidence to sustain the decisions of the board. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of ETHEL LA MOUNTAIN, Respondent, v ALICE HYDE HOSPITAL ASSOCIATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 11, 1977, which found that subsequent to February 7, 1974 claimant suffered a 50% reduction in earning capacity. Claimant, a 53-year-old nurse's aide, was injured while lifting a patient. The patient's knee struck her abdomen causing her to involuntarily void urine. The unanimous medical opinion is that she suffered a rectocele and cystocele (i.e., hernias in which the rectum and bladder protrude into the vaginal space). The doctors agree that these herniated structures prevent her from heavy lifting. The board affirmed the referee's finding that claimant suffers a 50% permanent partial disability caused by the work-related accident. The carrier, which put in no medical proof to contradict the claimant's position, argues that claimant had pre-existing back problems (caused by a noncompensable auto accident) which contribute to claimant's present disability. The carrier had ample opportunity to support its view that part of the 50% disability is attributable to noncompensable causes. The board's finding that the hernias caused a 50% disability is factual and should be affirmed. Decision affirmed, with costs to respondents filing briefs against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney and Larkin, JJ., concur; Main J., not taking part.